UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RENEE MICK, Individually and as
Administratrix of the Estate of Jerry R. Mick,
Jr.,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**


                                                              08CV386A
                    v.
                                                            **Report
                                                               &
                                                        Recommendation**

GLAXOSMITHKLINE PLC,
RITE AID PHARMACY,
RITE OF NEW YORK, INC.,

                              Defendants.


This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 9).   The instant matter before the Court are (a) plaintiff's motion (Docket No. 4[1])

for remand of this action and (b) defendants' motion for a stay of all proceedings (Docket

No. 14[2]).

---

[1]In support of the motion, plaintiff filed her attorney's affidavit (with exhibits), Docket
No. 5; memorandum of law, Docket No. 6; and reply memorandum of law, Docket No. 20.
        In opposition, defendants filed their opposition memorandum (with exhibits), Docket
No. 17.

[2]In support of their motion, defendants filed their memorandum of law with exhibits,
Docket No. 15, as well as a letter from defense counsel (dated July 25, 2008) with attached copy
of a decision from the United States District Court for the Central District of California in Cross
v. GlaxoSmithKline, No. CV 08-01965-SGL(OPx), Docket No. 34.
        In opposition, plaintiff filed, her memorandum of law, with exhibits, Docket No. 21.

**BACKGROUND**

This is a personal injury action, commenced in New York State Supreme Court, Niagara County, by reason of decedent Jerry Mick's use of Avandia®, which plaintiff alleges is a defective and unsafe product (Docket No. 1, Notice of Removal, Ex. A, Compl.).  According to the Notice of Removal, Jerry Mick used Avandia®, which lead to unspecified personal injuries to him, following by his subsequent death (Docket No. 1, Notice of Removal ¶ 6 (citing id., Ex. A, Compl. ¶¶ 8, 12, 14, 17, 21)).  The Complaint alleges causes of action in negligence, breach of express and implied warranties, strict products liability, wrongful death, and loss of consortium for plaintiff (id. ¶ 7).

Defendant SmithKline Beecham Corporation[3] (hereinafter "GSK") filed a Notice of Removal, asserting diversity jurisdiction as the basis for federal jurisdiction (Docket No. 1, Notice of Removal ¶¶ 6-12, 13-17).  GSK asserts that it removed other cases involving Avandia® to this Court (id. ¶ 8).  GSK argues that defendants Rite Aid Pharmacy and Rite Aid of New York (collectively "Rite Aid") were fraudulently joined in this action to avoid diversity jurisdiction (id. ¶¶ 18-27).  The Notice also indicated that a Tag-Along Notice was filed with the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel" or "JPML") because of this action's relation to the In re Avandia Marketing, Sales Practices, and Products Liability Litigation, MDL No. 1871, pending before the United States District Court for the Eastern District of Pennsylvania (Docket No. 1, Notice of Removal ¶ 4) and GSK then was awaiting a Conditional Transfer Order to that court (id. ¶ 5).

---

[3]According to the Notice of Removal, incorrectly sued as GlaxoSmithKline PLC.

2

Rite Aid has not appeared in this action.  The parties stipulated as to when defendants will answer this action (Docket No. 8; <u>see</u> Docket No. 10, Order approving stipulation).

*Plaintiff's Motion to Remand*

Meanwhile, plaintiff has filed a motion to remand (Docket No. 4).  Responses to this motion were due on or before July 2, 2008, and a reply, if any, was due on or before July 16, 2008 (Docket No. 12).  The motion was argued on July 21, 2008, with defendants' motion for a stay and argument of which motion should be considered first by the Court (Docket No. 22 (minute entry)), and both motions were deemed submitted on July 21, 2008.

*Defense Motion for a Stay*

The Conditional Transfer Order was filed on June 18, 2008, and opposition thereto was due by July 3, 2008, before Judge Cynthia Rufe of the Eastern District of Pennsylvania (Docket No. 15, Defs. Memo. at 3, Ex. D).  Given the pending Conditional Transfer Order, defendants moved for a stay of all proceedings in this action until that Order has been considered (Docket No. 14).

The pending multidistrict Avandia® action has 298 cases consolidated (with 60 more cases pending) (<u>id.</u> at 3) and had to report and submit a proposed pretrial order with briefing schedule on pending motions to remand (<u>id.</u> Ex. K, <u>In re Avandia Marketing</u> Pretrial Order No. 11, ¶ 2 (reports due by July 10, 2008)).  "To date, 41 actions commenced in or removed to one of New York's four federal judicial districts have been transferred to the MDL," (Docket No. 15, Defs. Memo. at 3).

Responses to defendant's stay motion were due by July 16, 2008, and the motion was argued (with plaintiff's motion to remand) on July 21, 2008 (Docket No. 19).

3

**DISCUSSION**

I.      Magistrate Judge Jurisdiction over Motion to Remand

        Recently, the United States Court of Appeals for the Second Circuit held that motions to

remand are dispositive under 28 U.S.C. § 636(b)(1)(A), these motions are not "pretrial matters"

under that provision,  and that Magistrate Judge can only render a Report & Recommendation on

such motions, reversing precedent in this Court, <u>Williams v. Beemiller, Inc.</u>, 527 F.3d 259 (2d

Cir. 2008), <u>rev'g</u>, <u>Williams v. Beemiller, Inc.</u>, No. 05CV836, 2006 U.S. Dist. LEXIS 69024, at

*3 (W.D.N.Y. Sept. 26, 2006) (Skretny, J.); <u>see also</u> <u>Vogel v. U.S. Office Prods. Co.</u>, 258 F.3d

509, 517 (6th Cir. 2001); <u>In re U.S. Healthcare</u>, 159 F.3d 142, 146 (3d Cir. 1998).  Thus, a Report

& Recommendation will be issued on plaintiff's motion to remand here.

        Despite the fact that defendants' motion for a stay of proceedings is within the

jurisdiction of a Magistrate Judge to enter by Order, the Court will issue a Report &

Recommendation here as well since the relief sought by both parties is intertwined to warrant

joint consideration and, as noted above, plaintiff's relief is beyond the pretrial jurisdiction of a

Magistrate Judge.

II.     Which Motion to Consider First?

        At argument, the Court posed the question of which motion should be considered first,

either plaintiff's motion to remand or defendants' motion to stay pending transfer to the MDL

Court.  On one hand, if the Court lacks subject matter jurisdiction to hear this case, it makes little

sense to stay that determination while awaiting transfer to another federal court (which also

would lack jurisdiction to consider it).  On the other hand, if this case ultimately goes to another

district and that court is capable of considering the issues regarding removal, then the motion for remand should be stayed to allow the transferor court to hear it.

A motion to remand is not an obstacle to transfer to the MDL Court, see In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (the JPML "has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be decided by the transferee court") (Docket No. 15, Def. Memo. at 3). Judge Larimer, in North v. Merck & Co., No. 05CV6475, 2005WL2921638, at *1 (W.D.N.Y. Nov. 4, 2005), held that "[t]he general rule is for federal courts to defer ruling on pending motions to remand to MDL litigation until after the [JPML] has transferred the case to the MDL panel."

The Court will first consider the motion to stay pending the transfer (Docket No. 14).

III.     Conditional Transfer Order and Defense Motion for Stay of Proceedings

The Conditional Transfer Order was issued on June 18, 2008, with opposition returnable July 3, 2008 (see Docket No. 15, Defs. Memo. Ex. D), while plaintiff's motion was pending.

Plaintiff argues that, since this case has not yet been transferred, this Court retains jurisdiction to decide her motion and for federal judicial economy this Court should decide this subject matter jurisdiction issue prior to the case being transferred to the Multidistrict Panel court (Docket No. 6, Pl. Memo. at 7).  Since jurisdiction over this case turns on the issue of fraudulent joinder and that is governed by New York law, plaintiff argues that this Court is in a better position to decide that issue (than the transfer MDL Court in Pennsylvania) (id. at 8; Docket No. 21, Pl. Memo. at 4-6).  Plaintiff argues that this Court, in Locicero v. Sanofi-Aventis U.S. Inc, No. 07CV618(S)(M), Docket No. 19 (Order of McCarthy, Mag. J., Nov. 7, 2007), has

5

already decided a similar remand issue (id. at 9).  During oral argument, plaintiff argued that the

Vioxx cases were factually distinguishable from Avandia®, with the latter drug having a smaller

population.  She points to the prejudice to her by having a second court consider her case.

GSK has moved for this Court stay all proceedings (Docket No. 15).  GSK argues that the

pendency of a motion to remand is not an obstacle to transfer to a MDL Court and that this Court

should stay proceedings until that transfer is complete and have the MDL Court decide plaintiff's

remand motion (Docket No. 15, Defs. Memo. at 3).  GSK argues that the factors that must be

considered in deciding whether to stay proceedings pending a MDL transfer– judicial economy,

potential hardship and inequity to movants if action is not stayed, and potential prejudice to non-

movants if the action is stayed–favors issuance of a stay (id. at 4, 4-9).  GSK contends that

plaintiff is using the same tactic that were used unsuccessfully in Vioxx cases in this District,

where Judge David Larimer stayed those actions pending transfer to the MDL Court for Vioxx

cases (id. at 5-6, 6 n.2, Exs. F-I; see also id. at 6 n.2, Ex. J, discussing Scardino v. SmithKline

Beecham Corp., Index No. I2008/3997 (N.Y. Sup. Ct. Erie County 2008)).

GSK points to the prejudice of duplicative discovery and motion practice and the risk of

inconsistent rulings if this case were not stayed while the Multidistrict Panel action continues (id.

at 8), while prejudice to plaintiff is deemed minimal since her action has just been commenced

(id. at 9).  Plaintiff argues that this Court has jurisdiction to decide the remand motion (despite

the pending conditional transfer order) and should decide the motion because the issue is a

question of New York law (Docket No. 21, Pl. Memo. at 3).  During oral argument, GSK

responded that Judge Rufe has pending before her in the In re Avandia Marketing action remand-

fraudulent joinder motions.  Subsequently, GSK point to the decision to stay pending transfer an

action in the Central District of California, where that court noted that there were pending before

the MDL Court fifteen other California cases with motions to remand, concluding that judicial

economy would be served by staying that action pending the result of the transfer motion, <u>Cross</u>,

<u>supra</u>, No. CV 08-01965-SGL(OPx), Docket No. 34, Minute entry at 1.

> "The pendency of a motion, order to show cause, conditional transfer order or
> conditional remand order before the Panel concerning transfer or remand of an
> action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial
> proceedings in the district court in which the action is pending and does not in any
> way limit the pretrial jurisdiction of that court.  A transfer or remand pursuant to
> 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in
> the office of the clerk of the district court of the transferee district,"

Rules of Procedure Jud. Panel on Multidist. Litig. 1.5.  The Conditional Transfer Order issued

here will not transfer this case until that Order is filed with the clerk of the United States District

Court for the Eastern District of Pennsylvania, after the expiration of the period for filing

objections.

Judge Larimer of this Court has granted a stay pending disposition of a multidistrict

litigation transfer in <u>Krieger v. Merck & Co.</u>, No. 05CV6338, 2005 WL 2921640 (W.D.N.Y.

Nov. 4, 2005) (<u>see</u> Docket No. 15, Defs. Memo. Ex. F), a Vioxx case removed to federal court

and then conditionally transferred to the Multidistrict Litigation court for Vioxx cases in

Louisiana, <u>see also</u> <u>North</u>, <u>supra</u>, 2005 WL 2921638, at *1 (W.D.N.Y. Nov. 4, 2005) (<u>see</u> Docket

No. 15, Defs. Memo. 3, Ex. G) (cited above, the "general rule" to defer pending motions to the

transferee court).  In <u>Stempien v. Eli Lilly & Co.</u>, No. C06-1811, 2006 U.S. Dist. LEXIS 28408

(N.D. Cal. May 4, 2006), the defendants sought a stay of plaintiff's motion to remand while the

conditional transfer order (and objections thereto) was pending.  The court there granted the stay,

finding the judicial efficiency of handling Zyprexa litigation outweighed deciding the remand

motion because there were several other Zyprexa cases pending that would have a common outcome as that case.  In another case, <u>Jackson v. Johnson & Johnson</u>, No. 01-2113, 2001 U.S. Dist. LEXIS 22329 (W.D. Tenn. Apr. 3, 2001), a drug class action was removed on diversity jurisdiction and then had a conditional transfer order from the Multidistrict Panel.  Plaintiffs there moved to remand and the district court exercised its discretion in deferring ruling on that motion until after the transfer of the action, because the common issue of the amount in controversy applied to numerous parties now before the transferee court.  The <u>Jackson</u> court found that judicial efficiency thus was served by having the transferee court decide the issue all at once as opposed to individual district courts deciding the same issue, <u>id.</u> at *7-8, 17, holding that the Multidistrict Panel had jurisdiction to transfer the action even though jurisdictional objections were pending before the court, <u>id.</u> at *8.  This court cited the Second Circuit's decision in <u>In re Ivy</u>, 901 F.2d 7 (2d Cir. 1990), where plaintiffs objected to removal of their state Agent Orange action and transfer by the Multidistrict Panel to the Eastern District of New York. Since 28 U.S.C. § 1407 did not empower the Panel to "decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand" and the Circuit Court's review (on mandamus) was only of the decision to transfer and not the underlying jurisdictional issue, the transferee court could consider the jurisdictional question, 901 F.2d at 9.  The Second Circuit did not consider the question of whether the initial district court had to defer to the Multidistrict Litigation process and stay action on a pending jurisdictional motion and await action on the transfer and (if granted) action by the transferee court.

These actions had in common that plaintiffs in each case had common arguments either for not transferring the action or for not removing it to federal court with other parties in pending

Multidistrict Litigation cases.  Hence judicial efficiency is had when a single court decides all like motions rather than separate courts dealing with each motion in their several cases.  For example, in <u>In re Ivy</u>, <u>supra</u>, 901 F.2d at 9, the Second Circuit concluded that in Agent Orange cases the jurisdictional issues posed by plaintiffs there were "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," with common questions of law and fact, hence the "real economies in transferring such cases," <u>see also</u> <u>Krieger</u>, <u>supra</u>, 2005 WL 2921640, at *1.  Also, most of these actions had motions for stays pending resolution of the transfer issue.  In the Avandia® case, the MDL Court has in its pretrial Order procedural mechanisms to consider motions to remand.  The difference, however, is the substantive law that governs jurisdiction.  But it appears that the MDL Court in the Avandia® cases is attempting to consider the pending motions to remand (including those with issues surrounding fraudulent joinder) and to take into account the laws of the several jurisdictions involved in those cases.  While noting that 41 of the 298 actions arise in New York federal courts, GSK did not state whether any of those cases raise fraudulent joinder issues in pending motions to remand, although noting the possibility of the issues arising in these cases and noting numerous instances of the fraudulent joinder issue occurring in the Vioxx cases (<u>see</u> Docket No. 15, Def. Memo. at 5-6).

In <u>Morales v. American Home Products Corp.</u>, 214 F. Supp. 2d 723, 725 (S.D. Tex. 2002), Chief Judge Kazen <u>declined</u> to stay the pending motion to remand while awaiting action on the transfer order and went on to consider whether there was fraudulent joinder of a defendant to avoid diversity jurisdiction (as argued by defendant GSK in its Notice of Removal).  As Chief Judge Kazen noted, the conditional transfer order does not affect or suspend any pretrial

proceedings in the transferor court and, while the court has deferred to the Multidistrict Litigation Court when presented with an issue common among the other cases, when the issue is discrete to that particular case involving an issue of Texas law and Fifth Circuit precedent "there is no reason to ask a federal court in Washington to make that decision," id. at 725.  That court went on to grant a remand of the action, id. at 726.

Before deciding whether to grant defendants' stay motion or not, the Court next considers the standard for remand.

IV.     Removal and Remand Standards

Under 28 U.S.C. § 1441, a defendant alleging original federal jurisdiction may have the pending state action removed upon notice, filing a notice to remove thirty days from service of the pleading or other paper that suggests federal court jurisdiction, 28 U.S.C. § 1446(b).  The plaintiff, on any issue (aside from subject matter jurisdiction) within thirty days of the filing of the notice of removal, may then move to have that action remanded to state court, 28 U.S.C. § 1447(c).  The burden is upon the party seeking to preserve federal court removal jurisdiction (here, defendant GSK) to show that the requirements for removal were met, see 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3739, at 424 (Jurisdiction 3d ed. 1998).  The Court reviews the Complaint, the Notice of Removal, and the state court record, to determine whether removal was proper, id. at 468.  Removal statutes are to be construed against removal and in favor of remand, Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina), 428 F. Supp. 1035, 1037 (S.D.N.Y. (S.D.N.Y. 1977) (citing Shamrock Oil Co. v. Sheets, 313 U.S. 100, 108-09 (1941)).

Removal requires the filing an index of documents filed in state court, copy of all process, pleadings, and orders served upon defendant there, 28 U.S.C. § 1446(a) (procedure for removal), and (under this Court's rules) copies of the documents filed in state court, W.D.N.Y. Local Civ. R. 81(a)(3).

V.      Application

Plaintiff argues that there is no diversity (Docket No. 6, Pl. Memo. at 2-7).  Defendant GSK counters that there is diversity between plaintiff (a New Yorker) and GSK a Pennsylvania corporation (Docket No. 1, Notice of Removal ¶¶ 14-16), arguing that joinder of Rite Aid (a New York corporation) was fraudulently made to defeat possible diversity jurisdiction (id. ¶¶ 18-27).

As the proponent for federal jurisdiction for this removed action, defendant GSK bears the burden of establishing diversity jurisdiction, see Robinson v. Overseas Military Sales Corp., 28 F.3d 502, 507 (2d Cir. 1994); In re Ski Train Fire in Karprun, Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 724 n.9 (S.D.N.Y. 2003); Gliatta v. Stein, No. 03CV214, 2004 U.S. Dist. LEXIS 9892, at *7-8 (W.D.N.Y. May 23, 2004) (Skretny, J.) (dismissed amended complaint's claims against corporation where plaintiff, claiming diversity jurisdiction, failed to allege corporate defendant's state of incorporation or principal place of business), and GSK "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998) (citations omitted).  Diversity under § 1332 has to be complete, thus all plaintiffs must have a different citizenship from each defendant, Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75-78 (1998); Durove v. Fabian Transp. Inc., CCH Prod. Liab. Rptr.  ¶ 17,258, 2004 U.S. Dist. LEXIS 25258, at *4

(S.D.N.Y. Dec. 14, 2004).  Diversity jurisdiction for corporations depends upon the state of

incorporation and the principal place of business of the corporate party, 28 U.S.C. § 1332(c).

The question underlying GSK's stay motion is whether the MDL Court is competent to

address the question of whether Rite Aid was fraudulently joined in this action as a matter of

New York tort law.  That court is considering similar motions against other pharmacy defendants

in the same states as this plaintiff.  Analysis of this issue in this case requires some knowledge of

New York tort law to determine whether there can be a claim under product liability against the

pharmacy that sold the allegedly defective medicine.  Courts have balanced judicial efficiency of

dealing with common issues by one court with the potential for delay to the parties in deciding

whether or not to stay an action.  This issue is similar to the analysis as to which pending motion

should be considered first.  Here, the jurisdictional question is common, whether there is

diversity among the parties, in particular whether two pharmacy defendants were fraudulently

joined in this action to preclude federal diversity jurisdiction.  This issue is likely to occur in

Avandia® cases in New York that are already before the MDL Court.  Judge Rufe is addressing

the same issue for cases arising from different jurisdictions.  Plaintiff fails to show how the

potential transferor court cannot competently address this issue under New York law or that New

York law is radically different from other jurisdictions on this point.  Further, plaintiff has

pending her objections to the transfer.  Rather than have the potential for inconsistent decisions

on the common issue of whether pharmacies that sell this drug are liable in the product liability

action, this action **should be stayed** pending action on the transfer to the MDL Court.  If the

transfer of this case is completed (including rejection of any objections raised by plaintiff), then

the MDL Court can consider all the New York fraudulent joinder cases together and reach a

consistent decision on pending motions to remand.  While these issues of transfer are pending,

determination of plaintiff's motion to remand should be **stayed** and defendants' motion for that

relief (Docket No. 14) should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion to stay proceedings

(Docket No. 14) should be **granted**, and plaintiff's motion (Docket No. 4) for remand of this

action be **stayed pending determination of transfer issue and, if transferred, considered by

the Multidistrict Panel court**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk

of this Court within ten (10) days after receipt of a copy of this Report & Recommendation

in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil

Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION

WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME

WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S

ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak

v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
           August 12, 2008